UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOREY EANES,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. EDCV 17-1626-KK<br><br><br>MEMORANDUM AND ORDER |

Plaintiff Torey Eanes ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying his application for Title II Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

**I.**

**PROCEDURAL HISTORY**

On August 13, 2013, Plaintiff filed an application for DIB, alleging a disability onset date of October 24, 2009. Administrative Record ("AR") at 155-59.

Plaintiff's application was denied initially on October 8, 2013 and upon reconsideration on February 28, 2014. Id. at 68-92.

Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). Id. at 106. On April 4, 2016, Plaintiff appeared with counsel and testified at a hearing before the assigned ALJ. Id. at 34-67. A vocational expert also testified at the hearing. Id. at 61-64. On April 20, 2016, the ALJ issued a decision denying Plaintiff's application for DIB. Id. at 15-27.

Plaintiff filed a request to the Agency's Appeals Council to review the ALJ's decision. Id. at 151-54. On June 14, 2017, the Appeals Council denied Plaintiff's request for review. Id. at 1-4.

On August 11, 2017, Plaintiff filed the instant action. ECF Docket No. ("Dkt.") 1, Compl. This matter is before the Court on the Parties' Joint Stipulation ("JS"), filed on May 3, 2018. Dkt. 20, JS.

## II.

## **PLAINTIFF'S BACKGROUND**

Plaintiff was born on July 25, 1977, and his alleged disability onset date is October 24, 2009. AR at 155. He was 32 years old on the alleged disability onset date and 38 years old at the time of the hearing before the ALJ. Id. at 68. Plaintiff completed one year of college. Id. at 197. Plaintiff alleges disability based on ankle, leg, thigh, and shoulder injuries. Id. at 68, 81-82.

## III.

## **STANDARD FOR EVALUATING DISABILITY**

To qualify for benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity, and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other

substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

1. Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
2. Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.
3. Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[1]
4. Is the claimant capable of performing work he has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.
5. Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

See Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the

---

[1] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]," or ability to work after accounting for his verifiable impairments. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

claimant's residual functional capacity ("RFC"), age, education, and work experience.  Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## IV.
## **THE ALJ'S DECISION**

**A.  STEP ONE**

At step one, the ALJ found Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of October 24, 2009 through his date last insured of June 30, 2015."  AR at 20.

**B.  STEP TWO**

At step two, the ALJ found Plaintiff "had the following severe impairments: status post motor vehicle accident in 2009 with left lower extremity fractures and posttraumatic arthritic foot changes."  Id.

**C.  STEP THREE**

At step three, the ALJ found Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Id. at 21.

**D.  RFC DETERMINATION**

The ALJ found Plaintiff had the following RFC:

> [T]o perform sedentary work as defined in 20 CFR 404.1567(a) as follows: lift and carry 10 pounds occasionally and less than 10 pounds frequently; stand and walk for 2 hours in an 8 hour workday no more than 30 minutes at a time; sit for 6 hours in an 8 hour workday; push and pull within the above weight limits with the upper extremities; push and pull with the left lower extremity within the above weight limits and push and pull with the right lower extremity up to 5 pounds occasionally; occasionally climb stairs and ramps, but no ladders, rope or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl;

avoid concentrated exposure to extreme cold or vibratory tools or instruments, and unprotected machinery and heights.

Id. at 21.

**E.  STEP FOUR**

At step four, the ALJ found Plaintiff is "capable of performing past relevant work as a customer complaint clerk." Id. at 26.

**V.**

**PLAINTIFF'S CLAIMS**

Plaintiff presents three[2] disputed issues: (1) whether the medical evidence submitted to the Appeals Council warrants remand; (2) whether the ALJ properly considered the opinions of Plaintiff's treating physician; and (3) whether the ALJ considered Plaintiff's subjective complaints of impairment.

**VI.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

"Substantial evidence" is evidence that a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."

---

[2]  The Court finds the first issue dispositive of this matter and thus declines to address the remaining issues. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand.").

Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (citation omitted); see also Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (stating that a reviewing court "may not affirm simply by isolating a 'specific quantum of supporting evidence'") (citation omitted). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

The Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). If the ALJ erred, the error may only be considered harmless if it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (citation omitted).

## VII.
## DISCUSSION

### A. NEW AND MATERIAL EVIDENCE SUBMITTED TO THE APPEALS COUNCIL

On April 22, 2016, Plaintiff submitted to the Agency thirty-six pages of additional medical evidence. See Dkt. 22, Defendant's Supplemental Exhibit 1. Those thirty-six pages of evidence consist of treatment notes from Plaintiff's treating orthopedic team and radiology reports dated before the ALJ's decision. Id. at 8-38. On May 17, 2016, Plaintiff submitted additional radiology reports dated before the ALJ hearing. AR at 612-20. On March 17, 2017, Plaintiff submitted

more medical evidence, consisting of treatment records from Plaintiff's treating orthopedist dated before and after the ALJ opinion. Id. at 595-611.[3]

In its denial of review, the Appeals Council acknowledged the evidence from Kaiser Permanente dated May 18, 2012 through August 26, 2013, Parkview Community Hospital dated January 19, 2015, Orthopedic Medical Group of Riverside dated November 12, 2015, and Riverside Orthopedic Institute dated January 4, 2017 through February 20, 2017. Id. at 2. The Appeals Council did not account for the remaining medical evidence Plaintiff submitted after the ALJ's decision. In declining to consider the evidence from Kaiser Permanente and Parkview Community Hospital, the Appeals Council explained that the evidence "does not show a reasonable probability that it would change the outcome of the decision." Id. at 2. In addition, in declining to consider the evidence from Orthopedic Medical Group of Riverside and the Riverside Orthopedic Institute, the Appeals Council concluded the evidence "does not affect the decision about whether you were disabled beginning on or before June 30, 2015 [the date last insured]." Id.

On June 21, 2017, one week after the Appeals Council denied Plaintiff's request for review, Plaintiff submitted still more medical evidence. Id. at 538-94. This evidence largely relates to an ankle fracture Plaintiff sustained in a motorcycle accident on December 12, 2016 and the resulting surgery performed on January 11, 2017, both after Plaintiff's date last insured and the ALJ's decision. See, e.g., 553-54, 560, 564-69, 576-78. However, the evidence also includes records from Plaintiff's May 12, 2015 right foot surgery. Id. at 582-89.

**B.  APPLICABLE LAW**

Pursuant to 20 C.F.R. § 404.970(a)(5) (2017), as amended before the Appeals Council denied review in this case, the Appeals Council will review a case

---

[3] Plaintiff also submitted additional medical evidence on November 22, 2016. Id. at 621-54. However, the evidence is immaterial to the issues before the Court.

7

if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." In addition, pursuant to the amended 20 C.F.R. § 404.970(b) (2017), the Appeals Council will review new evidence only where the claimant "show[s] good cause for not informing [the Agency] about or submitting the evidence [to the ALJ] as described in § 404.935."

New evidence is material if it bears "directly and substantially on the matter in dispute." Luna v. Astrue, 623 F.3d 1032, 1034 (9th Cir. 2010) (quoting Booz v. Sec'y of Health Human Serv., 734 F.2d 1378, 1380 (9th Cir. 1984) (citation omitted)). "Where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1232-33 (9th Cir. 2011) (remanding to ALJ where it was apparent from Appeals Council's denial of review that it had not considered plaintiff's additional evidence).

## C. ANALYSIS

Here, remand to the ALJ is appropriate so that the ALJ can reconsider his decision in light of the more complete orthopedic treatment records. On April 22, 2016, just two days after the ALJ's decision, Plaintiff's counsel submitted newly obtained medical records from Orthopedic Medical Group of Riverside, most of which were authored by Plaintiff's treating orthopedist Christina Pantazopoulos, D.O. See Dkt. 22, Defendant's Supplemental Exhibit 1.[4] These records relate to

---

[4] It is unclear whether the Appeals Council acknowledged all of the newly obtained evidence submitted by Plaintiff. The Appeals Council stated it received evidence from Kaiser Permanente dated May 18, 2012 through August 26, 2013, Parkview Community Hospital dated January 19, 2015, Orthopedic Medical Group of Riverside dated November 12, 2015, and Riverside Orthopedic Institute dated January 4, 2017 through February 20, 2017. AR at 2. The Appeals Council makes no mention of the records from Orthopedic Medical Group of Riverside dated February 19, 2015 through September 16, 2015 and January 19, 2016 through April 11, 2016. See Dkt. 22, Defendant's Supplemental Exhibit 1. In addition, the

8

Plaintiff's orthopedic treatment from February 19, 2015 to April 11, 2016, a period before the ALJ's decision. Id. In addition, the medical evidence Plaintiff submitted on May 17, 2016 and March 17, 2017 relates, at least in part, to orthopedic treatment Plaintiff received before the ALJ's decision. Id. at 608-11, 614-20. Therefore, these medical records amount to new evidence that relates to the period before the ALJ decision.

Furthermore, the parties agree there is good cause for Plaintiff's late submission of the new medical records. See JS at 11 n. 4 ("The Commissioner does not dispute Plaintiff's claim that he had good cause for not timely providing these documents."). Specifically, it appears Plaintiff was unable to compile these records until after the ALJ's decision because Plaintiff's original representative withdrew and Plaintiff did not obtain new representation until just a few weeks before the hearing. JS at 6 (citing AR at 114, 146, 149). Therefore, the new evidence could not have been presented at the hearing before the ALJ.

Finally, the new medical records are material. The ALJ rejected the opinions of Dr. Pantazopoulos essentially because they were not supported by the medical evidence of record. See AR at 24-25 (rejecting Dr. Pantazopoulos's opinions in part because (1) her functional capacity assessments were not adequately explained in the forms included in the record, (2) noting inconsistencies in the record regarding a non-union in Plaintiff's foot, and (3) finding her functional capacity assessments were out of proportion with, and without basis in, the record). However, the medical record before the ALJ contained very few records from Dr. Pantazopoulos and the newly obtained evidence would have provided the ALJ a more complete picture of Dr. Pantazopoulos's treatment of

---

Administrative Record contains just four of the thirty-six pages of additional medical evidence contained in Exhibit 1. AR at 608-11. This ambiguity regarding whether the Appeals Council considered this material medical evidence further supports the Court's finding that this action must be remanded for consideration of the additional evidence.

Plaintiff. Moreover, as Plaintiff's treating orthopedist and surgeon, Dr. Pantazopoulos's opinion should "generally [be] afforded the greatest weight in disability cases." Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004). Even if contradicted by the reports of examining and nonexamining physicians, the ALJ could have rejected Dr. Pantazopoulos's findings only for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citation and internal quotation marks omitted); see also Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014). In light of the new medical evidence, the ALJ's assessment of Dr. Pantazopoulos's opinions might have been different.

In addition, Dr. Pantazopoulos's treatment records provide additional information regarding Plaintiff's functioning through which the ALJ would have considered Plaintiff's subjective complaints of impairment. It appears the ALJ rejected Plaintiff's subjective complaints based largely on the lack of support in the medical record. AR at 22-23. This analysis might have been different if the ALJ had the benefit of Dr. Pantazopoulos's complete treatment records.[5]

Significantly, the ALJ's consideration of both Dr. Pantazopoulos's opinions and Plaintiff's subjective complaints of impairment might be particularly impacted by the new medical evidence documenting Plaintiff underwent surgery on his right foot in May 2015, before his date last insured. AR at 582-89; Dkt. 22, Defendant's Supplemental Exhibit 1 at 12, 20, 23, 29, 32, 36. Although Plaintiff informed the ALJ of this surgery at the hearing, AR at 38, it does not appear the ALJ had medical evidence to support Plaintiff's testimony. Therefore, the ALJ seemed to dismiss the severity of Plaintiff's right foot and ankle impairments. See AR at 23. In light

---

[5] Here, because "there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged," and there is no evidence of malingering, the ALJ was required to "give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (citations and internal quotation marks omitted).

10

of the new medical evidence, the ALJ's analysis of the severity of Plaintiff's right foot and ankle impairments might have been different.

## VIII.
## RELIEF

**A. APPLICABLE LAW**

"When an ALJ's denial of benefits is not supported by the record, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012) (citation omitted). "We may exercise our discretion and direct an award of benefits where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." Id. (citation omitted). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." Id. (citations omitted); see also Reddick v. Chater, 157 F.3d 715, 729 (9th Cir. 1998) ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits.").

**B. ANALYSIS**

In this case, the record has not been fully developed. The ALJ must reassess Plaintiff's functional limitations in light of the new medical evidence. Accordingly, remand for further proceedings is appropriate.

## IX.
## CONCLUSION

For the foregoing reasons, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order. IT IS FURTHER ORDERED that

the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

Dated: May 24, 2018

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge